IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW HEAD,

        Plaintiff,

v.

GLACIER NORTHWEST, INCORPORATED, a Washington Corporation,

        Defendant.

CV 02-373-RE

OPINION AND ORDER

REDDEN, Judge.

The matters before the Court are Plaintiff Matthew Head's Motion for Attorney Fees and Expert Witness Fees (doc. 172) and Cost Bill (doc. 173).

For the following reasons, the court **GRANTS** plaintiff's motions for attorneys' fees and expert witness fees, and costs, and awards $190,371.50 as attorneys' fees, $3,290 as expert witness fees, and $8,213.39 as costs.

1  - OPINION AND ORDER

## BACKGROUND

In March 2002, plaintiff brought this action alleging defendant (1) wrongfully discharged him under common law because he took family leave, (2) discriminated against him because of his bi-polar disability, or perceived disability, by (a) creating a hostile work environment, (b) failing to accommodate plaintiff's disability, (c) retaliating against plaintiff for requesting accommodation for his disability, and (d) ultimately terminating his employment, all in violation of the federal Americans with Disabilities Act (ADA), and its Oregon counterpart,  and (3) discriminated against him by (a) creating a hostile work environment, and (b) terminating his employment, all in violation of the Federal Family Medical Leave Act (FMLA) and its Oregon counterpart.

Following a pretrial motion for summary judgment, the court dismissed a number of plaintiff's claims, leaving his common law wrongful discharge, FMLA, perceived discrimination, and retaliation claims to be tried.

On June 5, 2003, following a four day trial, the jury found in favor of defendant on all claims.

Plaintiff appealed the verdict to the Ninth Circuit on a number of grounds, but most significantly, on the ground that the trial court erroneously instructed the jury that disability discrimination under federal law required proof that the defendant terminated plaintiff's employment <u>because of</u> the plaintiff's disability or his request for a reasonable accommodation.

In <u>Head v. Glacier Northwest, Inc.</u>, 413 F.3d 1053 (9th Cir. 2005), the Ninth Circuit agreed with plaintiff and reversed the jury verdict, in part because the court held

that the "motivating factor," not the "because of" standard of causation, was appropriate under the ADA. "[W]e hold that the ADA outlaws adverse employment decisions motivated, even in part, by animus based on a plaintiff's disability or request for an accommodation - a motivating factor standard." Id., at 1065. The Ninth Circuit remanded the case to this court for retrial.

The case was retried to a jury based on the "motivating factor" standard of causation. In the second trial, plaintiff limited his claims to two: First, that his disability, or defendant's regarding him as being disabled, was a motivating factor in defendant's decision to terminate him; and second, that plaintiff's request for a reasonable accommodation was a motivating factor in defendant's termination decision.

On February 17, 2006, the fifth day of trial, the jury found against plaintiff on the first claim, but returned a verdict in favor of plaintiff on his second claim that his request for a reasonable accommodation was a motivating factor in defendant's termination decision. The jury awarded plaintiff $60,000 for wage loss, and $100,000 for non-economic, emotional distress damages.

Plaintiff is entitled to an award of costs as the prevailing party under Fed. R. Civ. P. 54(d)(1), and reasonable attorneys' fees under the ADA and its Oregon counterpart. He seeks costs in the amount of $8,213.19, expert witness fees in the amount of $3,290.00, and attorneys fees in the amount of $190,371.50, multiplied by a lodestar factor of 2, for a total attorneys' fee award of $380,743

Defendant has not filed objections to the Cost Bill or to plaintiff's request for reimbursement of expert witness fees. Defendant does object to the amount of the

3  - OPINION AND ORDER

attorneys' fees sought by plaintiff, arguing that (1) in light of plaintiff's limited success in this case, plaintiff should only recover attorneys' fees for time spent on his successful claim, and (2) a lodestar multiplier is not appropriate in light of the nature of the case.

## DISCUSSION

### Cost Bill

Fed. R. Civ. P. 54(d)(1) provides for an award of certain specified costs to the prevailing party.  The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000).

All of the costs sought by plaintiff are recoverable under Rule 54(d)(1).  Plaintiff has attached sufficient evidence of the actual expenditures.  Defendant has not objected.  Accordingly, I award plaintiff costs in the amount of $8,231.19.

### Expert Witness Expenses

Expert witness fees as well as attorneys' fees are recoverable as part of the prevailing party's litigation expenses in an ADA action.  Lovell v. Chandler, 303 F. 3d 1039, 1058-59 (9th Cir. 2002), cert denied, 537 U.S. 1105 (2003).

Plaintiff retained Robert Male, Ph.D., an Economic and Vocational Consultant, to testify regarding plaintiff's economic loss as a result of the termination of his employment by defendant.  Dr. Male billed plaintiff at the rate of $200 per hour for 15.05 hours of professional services, and $100 per hour for 2.8 hours of travel and wait time. Defendant has not objected.  The amount is reasonable.  Accordingly, I award plaintiff

expert witness fees in the amount of $3290.00.

**Attorneys' Fees**

    **Standards**.

    Federal ADA Claims.

A plaintiff prevails for purposes of an attorney fee award under the ADA when the plaintiff "becomes entitled to enforce a judgment against the defendant." Barrios v. California Interscholastic Federation, 277 F.3d 1128, 1134 (9th Cir. 2002).

The Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees when an award is granted pursuant to a statute. D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 434 n.9 (1983)). See also Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

The lodestar/multiplier involves a two-part analysis. The court first calculates the lodestar amount by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).

To determine the lodestar amount, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained, (9) the experience,

5  - OPINION AND ORDER

reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed.  Van Gerwen, 214 F.3d at 1045.  "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'"  Id. (citation omitted).

After determining the lodestar amount, the court assesses whether it is necessary to adjust the lodestar upward or downward based on the Kerr factors that are "not already subsumed in the initial calculation of the lodestar."  Morales, 96 F.2d at 363-64.  The lodestar amount is presumed to be the reasonable fee, "and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high."  Id.

Even if there is no objection to either the rate or the hours, the court has an independent duty to review the petition for reasonableness.  Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1993).

State Disability Claims.

The prevailing party on a claim under Oregon's counterpart to the ADA, Ore. Rev. Stat. § 659A.885(1), is also entitled to an award of reasonable attorneys' fees.

In exercising its discretion to award reasonable attorneys' fees, the court is

required to undertake a two-step inquiry. Under Ore. Rev. Stat. § 20.075(1), the court must consider eight nonexclusive factors:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which the award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

<u>Preble v. Dep't of Rev.</u>, 331 Or. 599, 602 (2001).

If the court decides to award attorneys' fees, § 20.075(2) requires the court to consider the factors identified in subsection (1) together with the eight factors set forth in subsection (2) to determine the amount of the award:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the

7 - OPINION AND ORDER

>acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
>(c) The fee customarily charged in the locality for similar legal services.
>
>(d) The amount involved in the controversy.
>
>(e) The time limitations imposed by the client or the circumstances of the case.
>
>(f) The nature and length of the attorney's professional relationship with the client.
>
>(g) The experience, reputation and ability of the attorney performing the services.
>
>(h) Whether the fee of the attorney is fixed or contingent.

McCarthy v. Or. Freeze Dry, Inc., 327 Or. 185, 188 (1998).

The objection of the party opposing an award of attorneys' fees should "play an important role in framing any issues that are relevant to the court's decision." Id. A court must include in its order a brief description of or citation to the factors on which it relies when granting or denying an award of attorneys' fees. Id. A court is under no obligation, however, to make findings about irrelevant or immaterial factual matters or legal criteria. Id.

**Analysis.**

Neither party argues there is any substantive difference between the federal and state standards for the purposes of this case, and I conclude there is none. The parties' arguments track the specific federal requirements and, therefore, I address those requirements.

Plaintiff's billing records are not disputed by defendant. They show the total time

8   - OPINION AND ORDER

spent by plaintiff's counsel and support staff during the course of this litigation from July 2001 through the preparation of this motion is 865.3 hours. Of that amount, lead counsel Scott Hunt spent 574.2 hours, associate Matthew Duckworth spent 232.4 hours, and legal assistant Shirley Rayner spent 58.7 hours. Hunt, who has 13 years of experience litigating employment cases, seeks an hourly rate of $250.00. Duckworth, who has three years of experience in Hunt's law firm, seeks a rate of $180.00. Rayner, who has ten years of experience in the firm, seeks a rate of $85.00.

Plaintiff asserts his counsels' work included substantial discovery involving multiple depositions, significant summary judgment motion practice, two trials lasting a total of nine days and, between trials, an appeal to the Ninth Circuit. Based on all the time spent at the above hourly rates, plaintiff seeks an award of $190,371.50.

In addition, plaintiff requests a lodestar multiplier of 2, for a total attorney's fee award of $380,743. In support of the lodestar multiple, plaintiff asserts (1) the case was undesirable because, during the course of the litigation, his bi-polar disorder adversely affected his memory, his ability to clearly communicate with others, and his ability to assist counsel effectively in the preparation of the case, (2) his counsel were precluded from taking other work, and (3) the case has public significance because the Ninth Circuit adopted the "motivating factor" rather than the "because of" standard of causation in ADA discrimination cases.

Defendant does not challenge the reasonableness of the hourly rates charged by plaintiff's counsel, nor the amount of time they spent on the case. Defendant asserts, however, plaintiff achieved limited success in the case because he prevailed

on only one of the eight claims, and received an award many times less than the amount he requested. Accordingly, plaintiff should be awarded only a fraction of the initial lodestar amount of $190,371.50.

Defendant also objects to a lodestar multiplier because the case was not economically unattractive, and plaintiff was able to testify coherently, without any apparent difficulty.

Finally, defendant argues plaintiff should only recover his attorneys' fees for time spent preparing the attorney fee petition in the same percentage as the amount the court actually awards as attorneys' fees expended on the merits of the case, e.g., if the court were to award plaintiff one-third of his total fees requested for the case as a whole, plaintiff should be awarded only one-third of the attorneys' fees incurred for preparing the fee petition.

<u>Reasonableness of Rates and Hours</u>.

Based on the history of this case, I find plaintiff's counsel were economical and reasonable in the number of hours they spent preparing this case for trial, trying it, appealing the first verdict, and retrying it to a favorable verdict the second time.

To determine whether the hourly rate requested by counsel is reasonable, this court uses the 2002 Oregon State Bar Economic Survey as its initial benchmark, taking into consideration any adjustment for inflation between the date the economic survey was published and the dates the legal services were performed. <u>Bell v. Clackamas County</u>, 341 F.3d 858, 868 (9th Cir. 2003). A comparison of the hourly

rates sought by Hunt and Duckworth with the average rates charged by attorneys with similar skills and experience in 2001, adjusted for inflation, shows the rates they are seeking are reasonable and appropriate.[1]

Degree of Success.

The court must engage in a two-part analysis to determine a reasonable attorneys' fee in those cases in which a plaintiff's success is limited:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive.  Such decisions are within the district court's discretion.

Schwarz v. Sec'y of Health & Human Services, 73 F.3d 895, 901-902 (9th Cir. 1995). "Claims are unrelated if they are 'distinctly different claims for relief that are based on different facts and legal theories'; claims are related if they 'involve a common core of facts or [are] based on related legal theories.'" Id., citing Hensley, 461 U.S. at 434. "The test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.' "  Id., at 903, citing Thorne,

---

[1] In 2001, attorneys in Portland with Hunt's experience and skills billed on average in the range of $219-$225, and with Duckworth's experience, at an average rate of $155.

11 - OPINION AND ORDER

802 F.2d 1131, 1141 (9th Cir. 1986).

Defendant asserts plaintiff's claims were all different and did not rely on the same conduct. For instance, defendant argues a failure to accommodate claim does not involve the same conduct as a retaliation claim based on a request for reasonable accommodation, and neither relies on the same conduct as a wrongful discharge claim based on disability discrimination.

I agree that each of plaintiff's claims has different elements. Clearly, the claims were not identical. Nevertheless, plaintiff's evidence was in large part intended to prove a course of conduct that was related to all those claims, i.e. defendant's hostility at the imposition caused by plaintiff's request for a reasonable accommodation. I find there was a common core of facts based on related legal theories.

In addition, I disagree that plaintiff was not successful in the amount he recovered as damages. He did not recover all the damages he sought, but he obtained a reasonable sum for wage loss and the $100,000 he was awarded for emotional distress damages is hardly an insubstantial sum by anyone's measure. Defendant's reliance on Farrar v. Hobby, 506 U.S. 103 (1992) for the proposition that the success of the litigation may reasonably be determined by comparing the damages awarded with the damages sought is misplaced. There, the plaintiff sought $17 million, and recovered "nominal" damages only. In that case, the Supreme Court was not impressed with plaintiff's "moral" victory under the circumstances.

In this case, plaintiff prevailed at trial, albeit on one theory of recovery. I find

12 - OPINION AND ORDER

the degree of his success justifies an award of the lodestar amount of $190,371.50.

I agree with defendant, however, that a lodestar multiplier is not appropriate in this case. This case had challenges that are not uncommon in litigation, including a difficult client. In addition, plaintiff's counsel has not advanced a compelling reason why he was precluded from doing other work. The number of hours spent on the case, spread over four years, was not unduly burdensome, and should not have interfered with counsel's ability to handle other cases, particularly since attorney Hunt emphasizes disability discrimination cases in his law practice. Finally, although plaintiff's appeal resulted in the Ninth Circuit's clarification that a "motivating factor" rather than "because of" causation standard should be applied in ADA cases, the Ninth Circuit noted that seven other Circuits had previously adopted the "motivating factor" standard, and the lesser standard comports with the Ninth Circuit's existing precedent in Title VII cases. Head, 413 F.3d at 1053.

Plaintiff's result in the Ninth Circuit is noteworthy, and the verdict he achieved in the second trial was hard won. His counsel served him well. When all factors are considered, however, this case does not warrant a lodestar multiplier.

Accordingly, in the exercise of its discretion, the court awards plaintiff the sum of $190,370.50 as attorneys' fees.

## **CONCLUSION**

For these reasons, the court **GRANTS** Plaintiff Matthew Head's Motion for Attorney Fees and Expert Witness Fees (doc. 172) and Cost Bill (doc. 173), and

13 - OPINION AND ORDER

awards plaintiff $190,371.50 as attorneys' fees, $3,290 as expert witness fees, and $8,213.39 as costs.

IT IS SO ORDERED

DATED this 24th day of March, 2006.

          /s/ James A. Redden
James A. Redden
Senior United States District Judge

14 - OPINION AND ORDER